### H. S. GROCE et al. v. STATE.

No. A-5690. Opinion Filed April 2, 1927.
Rehearing Denied July 23, 1927.
(257 Pac. 1108.)

Bond & Bond, for plaintiffs in error.

Geo. F. Short, Atty. Gen., and W. L. Murphy, Asst. Atty. Gen., for the State.

EDWARDS, J. Plaintiffs in error, hereinafter called defendants, were convicted in the county court of Stephens county of the offense of unlawfully pointing a pistol, and each sentenced to pay a fine of $50 and confinement in the county jail for a period of three months.

The facts disclosed by the record are about as follows: Defendants occupied certain lands adjoining the farm of one Gatlin, upon which the live stock of defendants trespassed. It appears that one Sledge had farmed part of the land on which the stock was grazing, and defendants claim that Sledge had given them permission to let their stock on the land. However, Gatlin was in control of the land at the time and had not given permission, but had protested against defendants' allowing their stock on the land in question. On the date the offense is charged, Gatlin, accompanied by two other persons, proceeded to his land in the vicinity of defendants' farm and there seized, under the Herd Law, section 3940, Comp. Stat. 1921, certain live stock belonging to defendants, which were trespassing upon his land. These three men were driving the live stock along the highway when intercepted by defendants. Gatlin, the complaining witness, testified that defendants came up in front of them, and pointed a pistol at them, and threatened to kill them, and forced them to release the live stock. Defendant H. S. Groce admitted having a pistol, but denied that he pointed it at any one; Arlie Groce denied that he had a pistol at the time. The evidence was conflicting, and it was for the jury to say whom they would believe, and from their verdict they evidently believed the testimony offered by the state. This evidence is sufficient to sustain the verdict.

It is further contended that the court erred in his instructions to the jury Nos. 8, 10, and 11, and in depriving defendants of the right of defense of property. The complaint as to the eighth instruction is that it applies only to defense of person or family, and does not also include the right of defense of property. It is not required that a single paragraph of the charge shall state the entire law of the case, but it may deal with one particular element of the law. No particular paragraph

should be singled out, but the instructions are to be construed all together, and while instruction No. 8 does not apply to defense of property, instructions No. 9 and 11 cover that phase of the law. In the latter part of instruction 11, the court said:

"You are instructed, gentlemen of the jury, that the defendants had a right to go to where the prosecuting witness, Gatlin, was on the highway and inquire of him what he was going to do with his property; if the said Gatlin refused to tell the defendant what he was going to do with said stock, and the defendants did not know that the said Gatlin intended to herd law said stock, that then, and in that event, the defendants had the right to act upon the appearances, and if you find that he had a right to believe that the state's witness, Gatlin, and his helpers, Brown and Middleton, were making away with said cattle without authority of law, that then they had a right to recover said cattle and stock, provided that in doing so he did not use more force or violence than was reasonably necessary to effect that purpose.

"You are instructed that, in passing upon the question of admissibility of any evidence, the court has not expressed nor intimated, nor intended to express or intimate, any opinion as to the weight and credibility of the evidence. The court has simply determined what evidence offered in the case was proper to go before you for your consideration. As to the weight and credit to be given to the evidence introduced, you are the sole and only judges. * * *"

This part of this instruction was not excepted to, but was apparently satisfactory to defendants, and, taken with the other instructions of the case, fairly submits the issue; and, while the instructions are not a model, there is no such substantial error as requires a reversal.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.